MARY L. VAN SLOOTEN, Plaintiff, *v.* THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Defendant.

*Accident insurance — liability of one-twentieth only of the amount thereof in case of suicide — phrase " amount otherwise payable" construed.*

Under a policy of accident insurance providing, generally, for the payment of the sum of $5,000 in case of the accidental death of the insured and for the payment of $10,000 if the injuries which resulted in his death should be received by the insured " while riding as a passenger in or on a public conveyance propelled by steam, electricity or cable, and provided for passenger service, including

passenger elevators, or in consequence of the burning of a building occupied by the assured as owner, guest or tenant," and that, "In case of injuries fatal or otherwise intentionally inflicted upon himself by the assured, or inflicted upon himself or received by him while intentionally exposing himself to danger or while temporarily or permanently insane, the measure of the company's liability shall be one-twentieth of the amount otherwise payable, the same being agreed upon as in full liquidation of all claims under this policy," if the insured commits suicide at his residence while temporarily insane, the insurance company is only liable for one-twentieth of the sum of $5,000.

The phrase "amount otherwise payable," contained in the last quoted clause, is not ambiguous. It relates to the manner and not to the place of death.

*Quære*, whether if the insured had committed suicide while a passenger in a public conveyance, the insurance company would be liable for one-twentieth of $10,000.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Charles Locke Easton*, for the plaintiff.

*George O. Redington*, for the defendant.

HIRSCHBERG, J.:

On December 14, 1901, the plaintiff's husband died from the effects of a gunshot wound intentionally inflicted by himself while temporarily insane. He was insured at the time by the terms of an accident insurance policy issued by the defendant which provided generally for payment to the plaintiff of the sum of $5,000 in case of the accidental death of the assured, and for the payment of the sum of $10,000 if the injuries which resulted in his death should be received by the assured " while riding as a passenger in or on a public conveyance propelled by steam, electricity or cable, and provided for passenger service, including passenger elevators, or in consequence of the burning of a building occupied by the assured as owner, guest or tenant." The policy contained this additional clause : " In case of injuries fatal or otherwise intentionally inflicted upon himself by the assured, or inflicted upon himself or received by him while intentionally exposing himself to danger or while temporarily or permanently insane, the measure of the company's liability shall be one-twentieth of the amount otherwise payable, the same being agreed upon as in full liquidation of all claims under this policy."

The suicide occurred while the assured was at his residence, not

while he was a passenger in a public conveyance, and not in any respect in consequence of the burning of a building. The controversy between the parties relates to whether under the circumstances the defendant is liable to pay one-twentieth of the sum of $10,000, or only one-twentieth of the sum of $5,000.

The plaintiff claims that the words " amount otherwise payable," occurring in the clause of the policy last herein quoted, and under which clause the defendant's liability undoubtedly accrues, are ambiguous in their meaning and application, and that, therefore, whatever doubt exists should be resolved against the insurer. (*Kratzenstein* v. *Western Assurance Co.*, 116 N. Y. 54, 59.) Conceding the principle, it cannot be fairly said that any ambiguity exists in the language of the contract, or that there is any force in the contention that, because of the assumed doubt, the defendant's liability is to be measured by the highest amount payable under any of the conditions named in the policy. The maximum principal sum stipulated in the case of accidental death other than in a public conveyance, etc., is $5,000, and this sum is doubled in case of death from accidental injuries received in a public conveyance. In case of self-inflicted death the payment is to be one-twentieth of the sum which would " otherwise " be payable; that is, one-twentieth of the sum which would be payable were the death " otherwise " occasioned. The contrast contemplated by the policy for the purposes of this case is not between a death in a public conveyance and a death elsewhere, but is between an accidental death and an intentional death; and in the latter event the liability is to be measured by the liability which would have been incurred had the death been accidental. The word " otherwise " relates to the manner of death as thus contrasted, and not to the place of death. Whether the liability would have been greater had the assured committed suicide while a passenger in a public conveyance than it is under the circumstances of this case need not be considered, although it would hardly seem likely that the contract means that the company should pay, say $250 if the assured killed himself in a horse car, and $500 if he killed himself in a trolley car. It is sufficient that the *maximum liability* would have been *five thousand dollars* for the death of the assured by accidental means, other than by burning, at

his place of residence, and that this fact is within the plain import of the agreement that death by his own hands intentionally inflicted shall occasion a liability only for one-twentieth of *that amount* as the amount which, but for the intentional act, would be the amount " otherwise payable."

It follows, under the terms of the stipulation contained in the submitted case, that the plaintiff is entitled to judgment against the defendant for the sum of $250, without interest and without costs.

GOODRICH, P. J., WOODWARD and JENKS, JJ., concurred.

Judgment for the plaintiff for the sum of $250 on agreed statement of facts, without interest and without costs.